IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALE W. GILLEY, JR., #182 280, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-503-WKW |
| ) | [WO] |
| MARY B. WINDOM, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Dale Gilley, an Alabama inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action against Mary Becker Windom, the Presiding Judge of the Alabama Court of Criminal Appeals, Judges Elizabeth Kellum, Chris McCool, William Cole, and Richard Minor of the Alabama Court of Criminal Appeals, and Assistant Attorney General Beth Poe. He seeks to challenge the acts of the named defendants in connection with his post-conviction state criminal proceedings which he claims violated his First, Fifth, and Fourteenth Amendment rights. For relief, Gilley requests trial by jury, declaratory relief, his release from prison, court costs, and any additional relief the court deems appropriate. Doc. 1 at 2–8.  Upon review, the court concludes this case is due to be dismissed prior to service of process under 28 U.S.C. § 1915A(b)(1) & (2).

### II.   DISCUSSION

**A.   Standard of Review**

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds

frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**B.     The Judicial Defendants**

    **1.  Request for Monetary Damages**

Gilley challenges the actions of Defendants Windom, Kellum, McCool, Cole, and Minor [the "judicial defendants"] claiming they made a legally erroneous ruling on his post-conviction appellate litigation. Specifically, Gilley claims the judicial defendants failed to uphold Alabama law regarding his challenge to the validity of his indictment for first degree rape filed against him in 1995 by the Circuit Court for Cullman County, Alabama. According to Gilley, he was never legally indicted for this crime resulting in his illegal incarceration for over twenty-four years. Doc. 1.

Gilley's allegations against the judicial defendants emanate from actions taken by them in their judicial capacity during state court proceedings over which they had jurisdiction. A state

judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Thus, a judge is entitled to absolute judicial immunity from damages for those acts taken in his or her judicial capacity unless the judge acted in the "clear absence of all jurisdiction." *Id.* at 356–57; *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). Where Gilley seeks damages from the judicial defendants in their official capacities, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against the judicial defendants in their individual capacities, they are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

A review of the complaint reflects Gilley's contact with the judicial defendants was in their judicial capacity. Gilley's state court action was before the judicial defendants when they entered the orders and/or adverse rulings which he challenges as violative of his rights. The first portion of the *Stump* immunity test, which requires that the judge be acting in his or her judicial capacity, is satisfied. *Simmons*, 86 F.3d at 1085.

The second component under the *Stump* test looks at whether a judge acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357; *Jenkins v. Clerk of Court*, 150 Fed. App'x. 988, 990 (11th Cir. 2005). Gilley asserts a challenge to how the judicial defendants handled the appeal of his post-conviction petition pending before them while they were engaged in normal judicial functions. For judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter

jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc).  Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles v. Waco*, 502 U.S. 9 (1991). Even if a judicial defendant "conspired with [another] party to violate [Gilley's] constitutional rights," he or she would be immune. *Dykes*, 776 F.2d at 946 (internal quotes omitted); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (holding that "[t]he fact that it is alleged that the judge[s] acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity."). "A judge's actions are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Mireles,* 502 U.S. at 12 (internal quotation marks omitted). Judicial immunity is not intended to protect or benefit a malicious or corrupt judge; rather, it is intended to protect the important public interest in maintaining an environment in which judges can do their jobs without fearing harassment by unsatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

      Here, Gilley's allegations against the judicial defendants emanate from his dissatisfaction with the conduct or actions these defendants took in their capacity as state court judges in matters over which they had subject matter jurisdiction. Gilley's challenges to the judicial defendants' alleged acts or omissions, even if incorrect under applicable state law, nevertheless amount to "judicial actions" for which they are absolutely immune in this proceeding. *See Stump*, 435 U.S. at 363-64 (holding that judicial immunity extends to judicial acts that may contain error). The law protects the judicial defendants from having to defend this lawsuit. In light of the foregoing, Gilley's claim for money damages against the judicial defendants is due to be dismissed for seeking damages from defendants who are immune from such relief under 28 U.S.C. § 1915A(b)(2). *Neitzke*, 490 U.S. at 327.

### 2. Request for Declaratory/Injunctive Relief from State Court Action

#### a. Non-Final Orders

To the extent Gilley seeks relief from adverse decisions issued by a state court not yet final, he is not entitled to relief on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (holding that "[i]n order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Gilley could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Gilley to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

#### b. Final Orders

Regarding claims presented by Gilley challenging the constitutionality of orders issued by any state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Gilley from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal

district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

"[O]nce a case is litigated in state court, a federal district court does not have jurisdiction to review it."[1] *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). While Gilley couches his claims in terms of a constitutional violation, the essence of his lawsuit concerns adverse rulings he received in state court proceedings. These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*.

It is clear form Gilley's pleadings and documents he had the opportunity to present his constitutional claims in his state court proceedings. His attempt to have this court review a final

---

[1] In *Schmitt*, the court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional.

324 F.3d at 486.

state judgment that went against him represents the type of "state-court loser" that the *Rooker-Feldman* doctrine covers. In light of the foregoing, the court concludes that dismissal of any requests seeking declaratory or injunctive relief against the judicial defendants regarding matters associated with Gilley's state court criminal proceedings is appropriate under 28 U.S.C. § 1915A(b)(1) for failing to state a claim on which relief may be granted. *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. at 327.

## C.   Assistant Attorney General Beth Poe

Gilley sues Defendant Poe for her conduct as counsel for the State during his state post-conviction appeal proceedings. Gilley alleges Defendant Poe made erroneous arguments in her appellate brief. Doc. 1 at 6–7.

"A prosecutor is entitled to absolute immunity for all actions [s]he takes while performing h[er] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). Moreover, absolute prosecutorial immunity also extends to a prosecutor's advocacy role in the post-conviction case, *see Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), and "is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (holding that prosecutorial immunity is applicable even where the prosecutor acts

"maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.").

To the extent Gilley's complaint against Defendant Poe concerns actions which arise from this defendant's role "as an 'advocate' for the state," during his state post-conviction proceedings, such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted); *see also Mullinax v. McElhenney*, 817 F.2d 711, 714–715 (11th Cir. 1987). Defendant Poe is, therefore, "entitled to absolute immunity for that conduct." *Id*. Further, Gilley is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during matters related to his post-conviction proceedings before the Alabama Court of Criminal Appeals. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Accordingly, Gilley's claims against Defendant Poe are due to be dismissed under 28 U.S.C. § 1915A(b)(1) & (2).

**D.     The Challenge to Plaintiff's Conviction**

Although Gilley pursues this matter under 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus arguing his continued detention is unlawful because of the alleged unconstitutional conduct for which he seeks his immediate release. In *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973), the Supreme Court held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a prisoner, though asserting jurisdiction under § 1983, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination he is entitled to immediate

9

release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. Regardless of the label Gilley assigns to his cause of action, in order to challenge the validity of his incarceration on the grounds that his constitutional rights have been violated by the actions of the above-named defendants because their actions affected the outcome of his state post-conviction petition in which he sought relief from an alleged unconstitutional conviction, he must pursue his claims through habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (. . .)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483–489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646–648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), *citing Balisok*, 520 U.S. at 646–648.

The law is settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (holding

that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (holding that *Heck* directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, 520 U.S. at 645. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (holing that under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Gilley's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 (holing that "[w]e do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (holding that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."); *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (*citing Preiser*, 411 U.S. at 490) (holding that "[a]llowing § 1983 to do the work of habeas would create an end-run around the procedures of § 2254."); *Wilkinson*, 544 U.S. at 81 (holding that "[t]hroughout the

legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Consequently, to the extent the claims presented by Gilley seek to challenge the constitutionality of his state court conviction and/or sentence, such claims are not cognizable in this cause of action at this time and are, therefore, subject to dismissal under 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1) & (2);

2. To the extent Plaintiff's claims seek to challenge to the constitutionality of his confinement under the judgment imposed upon him by the Circuit Court for Cullman County, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) as such claim are not properly before the court at this time;

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that **on or before November 12, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 28th day of October 2019.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE